IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 3:21-cr-15 |
| | ) Judge Stephanie L. Haines |
| AMY BENNETT | ) |

**OPINION**

Amy Bennett ("Defendant") stands charged with one count of possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, commonly known as fentanyl, a Schedule II controlled substance, on or about April 12, 2021, in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C) (ECF No. 1).[1]

Pending before the Court are the following discovery-related pretrial motions filed by Defendant: Motion to Produce Evidence Which the Government Intends to Use Under Federal Rules of Evidence 404(b) and 609 with Citation of Authority (ECF No. 73), Motion to Compel Government to Disclose the Identity of Any Expert Witness It Intends to Call at Trial and the Nature of the Expert Testimony (ECF No. 74), Motion to Compel Disclosure of Plea Bargains, Preferential Treatment, and Promises to Government Witnesses with Citation of Authorities (ECF No. 75), Motion for Discovery with Citation of Authority (ECF No. 76), Motion for Early Disclosure of All "Jencks Act" Material (ECF No. 77), and Motion to Require Law Enforcement Officers to Retain Rough Notes and Writings that May Constitute *Brady* or *Jencks* Materials (ECF

---

[1] The Court has not yet set a trial date in this case but will issue an order scheduling a status conference to discuss potential dates for a final pretrial conference and for trial. As set forth herein, following the final pretrial conference, the Court will enter a jury trial order setting deadlines for *inter alia*, *Brady/Giglio* materials, Jencks Act materials, motions *in limine*, and proposed voir dire and jury instructions.

No. 78). Defendant also filed a Motion to Suppress Evidence with Citation to Authority (ECF No. 79) which seeks to: 1) suppress evidence obtained from a reasonable suspicion search of the residence at 407 Wilbur Street, South Fork, Pennsylvania 15956 ("407 Wilbur Street"); and, 2) suppress statements elicited from Defendant during that search.

On November 5, 2022, the Government filed its omnibus response (ECF No. 85) to Defendant's pretrial motions. On February 1, 2023, the Court conducted a hearing on Defendant's suppression motion (ECF No. 97). After the hearing concluded, the Court ordered the parties to file briefs within 30 days of the filing of the transcript (ECF No. 97). On February 16, 2023, the transcript was filed (ECF No. 98). Accordingly, on March 15, 2023, the Government filed its post-hearing brief (ECF No. 99), and on March 17, 2023, Defendant filed her post-hearing brief (ECF No. 100). Defendant's pretrial motions are ripe for disposition.

### I. Motion to Produce Evidence Which the Government Intends to Use Under F.R.E. 404(b) & 609 With Citation of Authority (ECF No. 73)

Defendant's first pretrial motion seeks an order compelling the Government to provide her with advance notice of evidence of any crimes, acts or other wrongs which the Government intends to introduce at trial under Federal Rule of Evidence 404(b) and with advance notice of any impeachment evidence the Government intends to use at trial under Federal Rule of Evidence 609.[2]

---

[2] Defendant also requests a pretrial hearing on the admissibility of any Rule 404(b) and Rule 609 evidence, however, the Court will deny that request as it is premature. As previously stated, the Court will be issuing a jury trial order in this matter which will require the Government to disclose Rule 404(b) and Rule 609 evidence 14 days prior to trial. This date appears to be sufficiently in advance of trial for the defense to make effective use of the material and to request an evidentiary hearing prior to trial if necessary. *See. e.g., United States v. Long-Parham*, 183 F. Supp. 3d 746, 750 (W.D. Pa. 2016) (stating that notice of intent to use Rule 404(b) evidence 7 to 10 days prior to trial is reasonable). The Court also notes that objections as to the admissibility of any evidence sought to be introduced under Rule 404(b) are properly asserted during trial, not at the pretrial stage, *Luce v. United States*, 469 U.S. 38, 41 (1984), as it is preferable to resolve Rule

Rule 404(b) permits the admission of evidence of other crimes, wrongs or acts for certain enumerated purposes, provided that, upon request by the accused, the Government shall provide reasonable notice in advance of trial of the general nature of any such evidence it intends to introduce at trial. In order to be admissible under Rule 404(b): (1) the evidence must have a proper purpose under Rule 404(b); (2) it must be relevant under Rules 401 and 402; (3) the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice under Rule 403; and (4) the court must charge the jury to consider the evidence only for the limited purpose for which it is admitted. *United States v. Vega*, 285 F.3d 256, 261 (3d Cir. 2002).

Defendant also requests notice of any evidence the Government intends to use at trial under Federal Rule of Evidence 609. Rule 609(a)(1)(B) provides that, for the purpose of attacking a testifying defendant's character for truthfulness by evidence of a criminal conviction, evidence that the defendant has been convicted of any crime punishable in the convicting jurisdiction by death or imprisonment for more than one year *must* be admitted in a criminal case in which the witness is a defendant if the court determines that the probative value of that evidence outweighs its prejudicial effect to that defendant.

Rule 609 also provides that evidence that any witness has been convicted of any crime *must* be admitted, regardless of punishment, "if the court can readily determine that establishing the elements of the crime required proving - or the witness's admitting - a dishonest act or false statement." Fed. R. Evid. 609(a)(2). The only advance notice requirement under Rule 609 is that the Government must provide "reasonable written notice" of its intent to

---

404(b) objections in conjunction with the factual context of the case. *See United States v. Giampa*, 904 F. Supp. 235. 284 (D.N.J. 1995).

use the evidence if 10 years have passed since the conviction or release from confinement for it, whichever is later. Fed. R. Evid. 609(b)(2).

The Government acknowledges its responsibility to provide advance notice of Rule 404(b) and Rule 609 evidence and states that it has no objection to the Court establishing a due date tied to the trial date for production of these materials. Accordingly, the Court will **grant** Defendant's motion (ECF No. 73), and will direct the Government to provide notice as required under Rule 404(b) and Rule 609 in accordance with the deadline set in the forthcoming jury trial order.

**II.     Motion to Compel Government to Disclose the Identity of Any Expert Witness It Intends to Call at Trial and the Nature of the Expert Testimony (ECF No. 74)**

In this motion (ECF No. 74), Defendant requests an order compelling the Government to disclose the identity of any expert witnesses it intends to call at trial and the nature of the expert testimony. This request is governed by Federal Rule of Criminal Procedure 16(a)(1)(G). The Government addresses this request in conjunction with its response to Defendant's pretrial motions filed at ECF Nos. 75, 76, and 78, which similarly request categories of discovery materials that the Government is required to provide pursuant to its statutory and constitutional discovery obligations. As to these requests, the Government states it takes seriously its discovery obligations and has already provided Defendant with much, if not all of, the materials requested through Defendant's pretrial motions. The Government requests that, if Defendant has a more particularized request as to specific items that were not already produced or that are not generally within the scope of the items the Government is already required to disclose by statute or constitutional law, that the Court order Defendant to provide a more specific request for those items. The Government states that it otherwise has no objection to the Court establishing a due date tied to the trial date for completion of discovery (suggesting 14 calendar days before trial).

4

The Court finds the Government's proposal for a due date for completion of discovery, including expert disclosures, to be reasonable. Accordingly, Defendant's motion (ECF No. 74) will be **granted** and the Court will order the Government to provide any and all expert disclosures and expert related information required under Rule 16, in writing if required to do so, in accordance with the deadline set in the forthcoming jury trial order.

### III. Motion to Compel Disclosure of Plea Bargains, Preferential Treatment, and Promises to Government Witnesses with Citation of Authorities (ECF No. 75)

Defendant's next motion specifically requests an order compelling the Government to disclose prior to trial any plea bargains, preferential treatment, promises made to potential witnesses, grants of immunity or any other such promises of, or agreements for, leniency. This motion in essence requests *Brady* impeachment material that is the proper subject of discovery pursuant to *Giglio v. United States*, 405 U.S. 150 (1972). As stated above, the Government states it has no objection to the Court providing a due date tied to the trial date for completion of such discovery. Accordingly, Defendant's motion (ECF No. 75) will be **granted**, and the Government will be required to disclose all *Brady/Giglio* impeachment material in accordance with the deadlines set in the forthcoming jury trial order.

### IV. Motion for Discovery with Citation to Authority (ECF No. 76)

Defendant's next motion (ECF No. 76) is a general discovery motion seeking pretrial disclosure of discovery materials. Governmental disclosure of evidence in criminal cases is governed by Fed. R. Crim. P. 16(a)(1). The United States Court of Appeals for the Third Circuit has recognized that discovery in criminal cases is limited to those areas delineated in Rule 16(a)(1), "with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." *United States v. Ramos*, 27 F.3d 65, 68 (3d Cir.

1994). As a general matter, these other areas are limited to the Jencks Act (18 U.S.C. § 3500) and materials available pursuant to the "*Brady* doctrine." *Id.* (citing *Brady v. Maryland*, 373 U.S. 83 (1963)).

As previously stated, in response to Defendant's motion, the Government has acknowledged its responsibilities and obligations under Rule 16(a) and the *Brady* doctrine and has indicated it will continue to comply with those requirements. Specifically, the Government indicates that it will disclose any *Brady* exculpatory material promptly and suggests that it is willing to disclose any additional Rule 16 material it has not already disclosed. The Government also indicates it will disclose any *Brady* impeachment material at a time in advance of trial as directed by the Court.

Accordingly, as the Government is cognizant of its discovery obligations, Defendant's discovery motion (ECF No. 76) will be **granted in part and denied in part** as follows:

- The Government shall disclose all Rule 16(a) material and *Brady/Giglio* exculpatory material forthwith;

- The Government shall disclose all *Brady/Giglio* impeachment material in accordance with the deadlines set in the forthcoming jury trial order;

- To the extent the discovery request seeks any other material falling outside the scope of Rule 16, *Brady/Giglio*, or the Jencks Act, it will be denied.

**V.     Motion for Early Disclosure of "Jencks Act" Material (ECF No. 77)**

Defendant also moves for early disclosure of all Jencks Act material no later than thirty days prior to trial. The Government acknowledges that the "Jencks Act", 18 U.S.C. § 3500(b), requires the Government to disclose prior recorded statements of its witnesses, when related to the subject matter of their testimony, after each witness testifies on direct examination. *United States v. Weaver*, 267 F.3d 231, 245 (3d Cir. 2001). Under 18 U.S.C. § 3500(a), "no statement or report

6

in the possession of the United States which was made by a government witness or prospective government witness (other than the defendant) shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case." However, the Government acknowledges that "local practice/chambers rules typically establish earlier due dates for (or at least encourage) earlier production of these materials in order to provide the Court an opportunity to resolve any evidentiary disputes outside the presence of the jury and facilitate the smooth presentation of evidence at trial" (ECF No. 85 at ¶7). Accordingly, to the extent Defendant seeks an order <u>requiring</u> early disclosure of Jencks material, his motion will be **denied**. However, the Court will enter an order <u>encouraging</u> the Government to provide Jencks material no later than the deadline set in the forthcoming jury trial order.

### VI. Motion to Require Law Enforcement Officers to Retain Rough Notes and Writings that May Constitute *Brady* or *Jencks* Materials (ECF No. 78)

Defendant also filed a motion seeking an order requiring all Law Enforcement Officers to retain and produce rough notes created during the course of the investigation that may constitute *Brady* or Jencks Act material. As previously stated, the Government indicates it takes seriously its discovery obligations and has already provided Defendant with much, if not all of, the materials requested through Defendant's pretrial motions, but that it has no objection to the Court establishing a due date tied to the trial date for completion of such discovery. The Court finds this proposal to be reasonable. Accordingly, the Court will **grant** Defendant's motion (ECF No. 78) and will order the Government to retain all relevant rough notes and to produce them, along with other Jencks Act material, in accordance with the deadlines set in the forthcoming jury trial order.

### VII.   Motion to Suppress Evidence with Citation to Authority (ECF No. 79)

Lastly, Defendant filed a Motion to Suppress Evidence with Citation to Authority (ECF No. 79). In that motion, Defendant seeks to suppress evidence obtained from a parole search of her residence on April 12, 2021, as well as statements Defendant allegedly made during that search.

On February 1, 2023, the Court held a hearing on Defendant's suppression motion (ECF No. 97). At the hearing, Parole Officer Adam Henderson ("PO Henderson") and Parole Officer Jacquelyn Conners ("PO Conners") both testified regarding the parole search of the residence at 407 Wilbur Street. PO Henderson testified that, at the time of the search, Defendant was on probation and had received approval to reside at 407 Wilbur Street, which was owned by Co-Defendant Crawley's mother (ECF No. 98, at pp. 10-12). The terms of Defendant's probation were set forth on two Pennsylvania Board of Parole and Probation forms. *Id.* at p. 12. The forms, labeled PBPP-10 and PBPP-11, described the length of Defendant's supervision, what offense Defendant was being supervised for, the committing county, when Defendant was released from confinement, and the conditions of Defendant's supervision. *Id.* PO Henderson testified that Defendant had signed the PBPP-11 form on May 14, 2018, and this form contained a condition that gave permission for parole agents to search her residence without first obtaining a warrant "at any time when reasonable suspicion exists that conditions of supervision have been violated." *Id.*

PO Henderson and PO Conners both testified that they went to Defendant's residence on April 12, 2021 to conduct an unannounced home visit to obtain a supervised urine drug test. *Id.* at pp. 14-15, 42. Upon entry into the house, they observed Co-Defendant Crawley with a Five Hour Energy bottle which they believed to contain fake urine. *Id.* They then seized the bottle because they suspected that it may contain fake, adulterated, or clean urine from a third party based on their training and experience and on the fact that the bottle appeared to have apparently been

opened. *Id.* at pp. 15, 42. Defendant was in her bedroom at this time, and PO Henderson could hear the sound of ceiling tiles being moved in the bedroom. *Id.* at p. 16. Co-Defendant Crawley underwent a supervised drug screen with PO Conners and the results indicated a presence of cocaine and amphetamines. *Id.* at p. 17. While in the bathroom with PO Conners for the drug screen, Co-Defendant Crawley admitted that the Five Hour Energy bottle contained clean urine. *Id.* at p. 43. Defendant then underwent a supervised drug screen with PO Conners, which also returned a positive indication for cocaine and amphetamines. *Id.* at p. 18. They both then admitted to recently using heroin. *Id.* Based on the seizure of the suspected clean urine, the positive drug tests, and the admission to using heroin, PO Henderson testified that he then requested permission from his supervisor to search the residence. *Id.* at p. 18.

In the search, PO Henderson looked in the ceiling of the bedroom where he had heard Defendant moving the ceiling tiles of the drop-ceiling and found a bag containing a white powdery substance which was attached to a lint roller hidden above the drop-ceiling tiles and another bag containing suspected narcotics. *Id.* at p. 21. PO Henderson then called the South Fork Police Department, who then contacted a Cambria County Detective to apply for a warrant to search the residence further. *Id.* at p. 21-22, 46.

As previously stated, after the hearing concluded, the Court ordered the parties to file briefs within 30 days of the filing of the transcript (ECF No. 97). On February 16, 2023, the transcript was filed (ECF No. 98). Accordingly, on March 15, 2023, the Government filed its post-hearing brief (ECF No. 99) and on March 17, 2023, Defendant filed her post-hearing brief (ECF No. 100). In Defendant's brief, Defendant's counsel accurately summarized the testimony and evidence from the hearing and conceded that there was reasonable suspicion to search Defendant's residence on

April 12, 2021. The Court agrees and will therefore **deny** Defendant's suppression motion relating to the physical evidence seized during the parole search of Defendant's residence.

As to the statements Defendant seeks to suppress, according to the Defendant, she received a copy of a report which states that, when confronted with the bag of powder PO Henderson found in the drop-ceiling, she stated, "Ooo ya that's coke and meth." The Government offered no evidence at the suppression hearing in support of the admissibility of this statement and has indicated it does not intend to use this statement at trial. Accordingly, the Court will **grant** Defendant's suppression motion to exclude this statement from use at trial.

An appropriate Order will follow.

Date: April 17, 2023

Stephanie L. Haines
United States District Judge

cc/ecf: All counsel of record