# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 3:21-cr-15 |
| | ) Judge Stephanie L. Haines |
| AMY BENNETT | ) |

## OPINION

Amy Bennett ("Defendant") stands charged with one count of possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide, commonly known as fentanyl, a Schedule II controlled substance, on or about April 12, 2021 in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(C) (ECF No. 1). Presently before the Court is a Motion in Limine (ECF No. 127) and Brief in Support (ECF No. 128) filed by Defendant wherein she requests that the Government's expert witness be excluded from testifying during the trial in this matter scheduled for October 16, 2023. On October 5, 2023, the Government filed its Response to Defendant's Motion in Limine (ECF No. 129). For the reasons set forth below, Defendant's Motion in Limine (ECF No. 127) will be denied.

As to the procedural history relevant to Defendant's Motion in Limine (ECF No. 127), on October 6, 2022, Defendant filed a "Motion to Compel Government to Disclose the Identity of Any Expert Witness It Intends to Call at Trial and the Nature of the Expert Testimony" (ECF No. 74), among other pretrial motions. In that motion, Defendant requested that the Court order the Government to provide the identity and substance of any proposed expert testimony. The Government's Omnibus Response (ECF No. 85) stated the Government had and would continue to timely produce discovery materials to the Defendant and that it would comply with any Court-

imposed discovery deadlines. The Government suggested the Court establish a deadline of 14 calendar days before trial for the production of expert witness materials. Defendant did not file a reply to the Omnibus Response (ECF No. 85) and on April 17, 2023, the Court issued its Opinion (ECF No. 104) and Order (ECF No. 105) on Defendant's pretrial motions. In its Opinion (ECF No. 104), the Court stated the Government's proposal to submit expert disclosures fourteen days in advance of trial was reasonable.

The final pretrial conference in this matter was held on September 6, 2023, and the Government's attorney stated he would be providing an expert report to Defendant's attorney within a few days (ECF No. 112). The Court issued its Jury Trial Order (ECF No. 113) later that same day, and on September 26, 2023, the Government provided the expert report to Defendant's counsel. On October 2, 2023, Defendant filed the pending Motion in Limine (ECF No. 127) and the Brief in Support (ECF No. 128) seeking to exclude the Government's expert from testifying at trial. On October 5, 2023, the Government filed its Response (ECF No. 129).

Defendant's characterization of the Government's disclosure of the expert witness report as "untimely" is without support or basis. While the Court's Jury Trial Order (ECF No. 113) did not set a deadline for expert disclosures, the parties confirmed at the pretrial conference held on September 6, 2023 that the Government would be providing the expert disclosure information within a few days (ECF No. 112). Defendant does not dispute that the Government provided its expert report to Defendant on September 26, 2023, which is 20 days before the trial of this matter. The Government's disclosure of the expert report 20 days before trial is timely. *See United States v. Stanko*, No. 2:18-cr-00334, 2021 U.S. Dist. LEXIS 107798, at *49 (W.D. Pa. June 9, 2021) ("…the Government is directed to disclose those expert reports promptly upon receipt and in any event not later than three weeks in advance of trial.")

In support of her argument that the testimony of the Government's expert should be excluded, Defendant relies on case law explaining Federal Rules of Civil Procedure 26 and 37. According to Defendant, under these rules, when determining whether to exclude the expert report, courts consider four factors including "(1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation. *See Brown v. Robert Packer Hosp.*, 341 F.R.D. 570, 574 (M.D. Pa. 2022).

In discussing these four elements, Defendant claims she has been prejudiced by the timing of the Government's expert disclosure, the only cure for this prejudice is the exclusion of the Government's expert testimony, the expert's testimony will disrupt the orderly and efficient trial of the case, and, as to bad faith, the Government waited until September 26, 2023 to disclose the expert report, though it appears the Government's attorney received the expert report on September 21, 2023.

Neither party has briefed to the Court the applicability of these four factors to the instant matter, and as previously stated, the Court finds the Government's expert disclosure was timely. However, for the sake of argument, the Court finds the above four factors do not favor exclusion of the expert report. As to Defendant's prejudice, Defendant does not explain why she is unable to retain a rebuttal expert in the weeks leading up to trial nor claim any failed efforts to obtain such an expert. Further, Defendant's claim of prejudice is undermined by the fact that she only raised this issue to the Court on October 2, 2023 in a motion in limine. Defendant has known since at least September 6, 2023 that the Government would be relying on expert testimony but never sought Court intervention on this issue. By example, the Court held a status conference in this

matter on September 28, 2023 (ECF No. 124), two days after Defendant received the expert report, and Defendant never raised to the Court this potential prejudice. Rather, Defendant strategically waited until the deadline for filing motions in limine to allege prejudice in order to argue for wholesale exclusion of the Government's expert testimony. Given the timely expert disclosure, Defendant has similarly failed to show that calling the Government's expert to testify would affect the efficiency of trial in this case. Lastly, as to bad faith, the Government explained that the expert report is dated September 21, 2023, the day it was drafted, but the expert was unavailable to sign the report until September 26, 2023, and the Government provided the expert report to Defendant that same day.

The Court finds the Government's disclosure of the expert report was timely, and Defendant has failed to sufficiently show she has been prejudiced by the Government's disclosure of the expert report 20 days prior to trial in this matter. Accordingly, Defendant's Motion in Limine (ECF No. 127) will be denied. An appropriate order will follow.

Date: October 9, 2023

Stephanie L. Haines
United States District Judge