IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| vs. | ) Criminal No. 3:21-15 |
| | ) Judge Stephanie L. Haines |
| AMY BENNETT | ) |

**OPINION**

Defendant Amy Bennett ("Defendant") is charged with possession with intent to distribute fentanyl in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(C), and trial of this matter is set for October 16, 2023. Pending before the Court is Defendant's Motion in Limine (ECF No. 142)[1] wherein she requests that the Court prevent the introduction of Defendant's 2012[2] and 2017 prior felony drug trafficking convictions. The Government filed its Response to Defendant's Motion in Limine (ECF No. 144) which argues Defendant's 2012 and 2017 prior felony drug trafficking convictions are admissible pursuant to Federal Rule of Evidence 609(a), or in the alternative, the Court should permit the Government to state that "Amy Bennett sustained two non-violent felony convictions, one of which occurred on April 12, 2012 and one of which occurred on September 15, 2017."

---

[1] Defendant filed the instant motion on October 13, 2023, though, as the Government points out, the filing deadline for such motions was on October 2, 2023 under the Court's Jury Trial Order (ECF No. 113). Defendant does not explain why the motion is untimely, but the Court will address the issues raised in Defendant's motion nonetheless. The Court does note that the Government previously expressed its intent to refrain from inquiring at trial into what type of offense Defendant was on parole for in its 404(b) Notice (ECF No. 126), which would be the 2017 prior felony drug trafficking conviction.

[2] Defendant refers to this conviction as occurring in 2011, however, Defendant sustained her felony conviction for possession with intent to deliver a controlled substance at case number CP-05-CR-0000378-2011 in the Bedford County Court of Common Pleas on April 11, 2012 (ECF No. 144-1). Accordingly, the Court will refer to this prior conviction as occurring in 2012.

1

Rule 609 permits evidence of a prior felony conviction to be offered to impeach a testifying witness. However, when the testifying witness is also the defendant in a criminal trial, the prior conviction is admitted only "if the probative value of the evidence outweighs its prejudicial effect to that defendant." Fed. R. Evid. 609(a)(1)(B). As the Third Circuit explained in *United States v. Caldwell*, 760 F.3d 267 (3d Cir. 2014):

> "This reflects a heightened balancing test and a reversal of the standard for admission under Rule 403. Commentators have observed that structuring the balancing in this manner creates a 'predisposition toward exclusion.' Wright & Gold, *Federal Practice and Procedure* § 6132, at 216. 'An exception is made only where the prosecution shows that the evidence makes a tangible contribution to the evaluation of credibility and that the usual high risk of unfair prejudice is not present.' *Id.* § 6132, at 217."

*Id.* at 286.

In *Gov't of Virgin Islands v. Bedford*, 671 F.2d 758, 761 n. 4 (3d Cir. 1982), the Third Circuit "recognized four factors that should be considered when weighing the probative value against the prejudicial effect under this heightened test." *Id.* at 761, n. 4. The four factors are: "(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the [defendant's] testimony to the case; [and] (4) the importance of the credibility of the defendant." "The Government bears the burden of demonstrating the probative value of the prior conviction outweighs its prejudicial effect. *Id.* at 761. "The defendant is then permitted to rebut the Government's presentation, explicating the potentiality for unfair prejudice from admission of the evidence." *Id.*

As to the first factor, Defendant correctly states that the 2012 and 2017 prior felony drug trafficking convictions are identical to the charged offense in this case and their admission is therefore highly prejudicial. Defendant was charged and convicted of Possession With Intent to Deliver in violation of 35 Pa. Stat. § 780-113 on both occasions. Defendant also correctly states that these non-violent crimes are not crimes of dishonesty or deceit, and therefore have low

impeachment value. Indeed, the Government concedes that this factor weighs in favor of excluding the evidence.

On the second factor, the dates of Defendant's 2012 and 2017 prior felony drug trafficking convictions weigh in favor of their admission, since these convictions occurred within the ten year period in Rule 609(a).

As to the third factor, "[t]he third factor inquires into the importance of the defendant's testimony to his defense at trial." *Caldwell*, 760 F.3d at 287. "If it is apparent to the trial court that the accused must testify to refute strong prosecution evidence, then the court should consider whether, by permitting conviction impeachment, the court in effect prevents the accused from testifying." *Id.* (citation omitted). Thus, "[i]f a defendant's testimony is important to his defense, this factor weighs against admitting a prior conviction." *United States v. Pafaite*, No. 3:21-56, 2022 U.S. Dist. LEXIS 50209, at *10-11 (M.D. Pa. Mar. 21, 2022) (citation omitted). The Government acknowledges that Defendant's testimony would be critical to her defense and concedes the third factor weighs against admitting the evidence.

Lastly, as to the fourth factor, the Government argues that if Defendant testifies, her credibility will be important because her defense would turn on the jury believing her version of the charged offense. As stated by the Government, Defendant would likely testify as to whether she knew the fentanyl was present in her bedroom and, if so, whether it was hers, and if it was hers, whether she possessed the fentanyl with the intent to distribute it (ECF No. 144 at p. 7). The Government contends this factor therefore weighs in favor of admission as evidence of a felony conviction and is probative of credibility.

Even under the Government's own analysis, two factors weigh in favor of admission and two factors weigh in favor of not admitting the Defendant's 2012 and 2017 prior felony drug

trafficking convictions. As the Government has the burden of proof, it has therefore failed to show that the probative value of the prior convictions outweighs their prejudicial effect. *See Bedford*, 671 F. 2d at 761 (3d Cir. 1982). Accordingly, the Court will exclude evidence of Defendant's 2012 and 2017 prior felony drug trafficking convictions.

The Government alternatively requests that the Court permit it to present the "sanitized" fact that the Defendant was convicted of two prior non-violent felony offenses and the dates of those convictions. The Third Circuit in *Caldwell* noted that redacting the facts underlying the prior conviction could possibly be "a viable way to reduce the prejudicial effect of the evidence," though the Third Circuit also counseled that this would similarly reduce the probative value of providing such information ("the probative value of a prior felony conviction will be diminished where the jury is not provided information about the prior conviction that would help in evaluating the extent to which the offense reflects on the defendant's veracity as a trial witness"). *Caldwell*, 760 3d at 287 n.14 (3d Cir. 2014). *Caldwell* further noted that "where the jury is already aware that the defendant is a convicted felon—the probative value is further diminished because introducing only the fact that the defendant has a prior history of unlawful behavior would not tell the jury anything it does not already know," which is similar to this case where the jury will already know of Defendant's 2011 felony conviction for theft of leased property.[3] *Id.*

Ultimately, it is unknown whether Defendant will testify at trial. Should Defendant choose to testify in her own defense, the Government may renew its request to introduce a "sanitized" version of Defendant's 2012 and 2017 prior convictions under Rule 609(a).

---

[3] The parties have filed a joint stipulation wherein they stipulate that "if Defendant testifies," on or about August 2, 2011, she was convicted in the Court of Common Pleas of Bedford County, Pennsylvania, of Theft of Leased Property, a crime of dishonesty, and was sentenced to serve eight to twenty-four months imprisonment, followed by a three-year term of probation (ECF No. 145).

For the reasons set forth above, the Court will grant Defendant's Motion in Limine (ECF No. 142) insofar as it will exclude evidence of Defendant's 2012 and 2017 prior felony drug trafficking convictions. However, if Defendant testifies at trial, the Government may renew its request to introduce a "sanitized" version of these prior convictions under Rule 609(a). An appropriate Order will follow.

DATE: October 15, 2023

Stephanie L. Haines
United States District Court